**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2975-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DANA TOKLEY,

    Defendant-Appellant.

_____

Submitted October 31, 2023 – Decided November 22, 2023

Before Judges Whipple, Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 99-01-0246.

Dana Tokley, appellant pro se.

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Dana Tokley appeals from an April 28, 2022 order denying his third petition for post-conviction relief (PCR). We affirm.

The facts leading to defendant's conviction for robbery and possession of a weapon for an unlawful purpose are detailed in our decision affirming the conviction. See State v. Tokley, No. A-4725-99 (App. Div. Oct. 4, 2002). The New Jersey Supreme Court denied defendant's petition for certification. State v. Tokley, 176 N.J. 270 (2003).

Defendant filed his first PCR petition in 2003. After conducting a three-day evidentiary hearing, the PCR judge entered an August 8, 2006 order denying the petition. Defendant appealed, and we affirmed the denial of defendant's PCR petition. State v. Tokley, No. A-6536-05 (App. Div. Jan. 2, 2009). Defendant filed a petition for certification, which the Supreme Court denied. State v. Tokley, 199 N.J. 133 (2009).

In 2014, defendant filed a motion for a new trial based on newly discovered evidence. The judge denied the motion, finding the purported new evidence would not have changed the jury's verdict. We affirmed the denial of defendant's motion for a new trial. State v. Tokley, No. A-4482-14 (App. Div. Mar. 20, 2017). The Supreme Court denied defendant's petition for certification. State v. Tokley, 230 N.J. 616 (2017).

In August 2018, defendant filed a second PCR petition, alleging ineffective assistance of counsel and asserting newly discovered evidence. The

2

PCR judge denied this petition as time barred. The judge also concluded the petition was "facially without merit." Defendant did not appeal from the denial of his second PCR petition.

Defendant filed a third PCR petition on November 11, 2019. However, the petition was denied as deficient.

On April 20, 2022, defendant filed an amended third PCR petition, raising the same issues asserted in his 2019 petition. In the amended third petition, defendant claimed "[n]ewly discovered evidence reveal[ed] [he] was never booked or arraigned on the charges for which he was convicted; thereby substantially depriving him of state or federal constitutional rights and/or demonstrating that the trial and sentencing courts lacked jurisdiction."

In an April 28, 2022 order, the PCR judge denied defendant's third petition as untimely. As the PCR judge explained, "[defendant's] third petition was not filed within one year of any of the three events contemplated by R. 3:22-12(a)(2)." Additionally, the judge found defendant did not "assert[] a new constitutional avenue under which [he] should be afforded relief" and "fail[ed] to assert newly recognized [c]onstitutional rights within one year prior to filing."

Regarding defendant's newly discovered evidence claim, the PCR judge stated:

A-2975-21

At the time of [defendant's] petition, it had been roughly [twenty-one] years since [he was] charged and [twenty] years since [his] conviction. This information was readily available and could have been discovered by [defendant] prior to one year of the filing of this petition, which was filed on November 11, 2019 and then again on April 20, 2022. Therefore, [defendant's] third petition for post-conviction relief does not fall within the one-year time limitation as set out by R. 3:22-12(a)(2)(B) and as such, is time barred.

On appeal, defendant raises the following argument:

BECAUSE DEFENDANT WAS NEVER ARRAIGNED ON THE CHARGES FOR WHICH HE STANDS CONVICTED, THE TRIAL COURT LACKED JURISDICTION TO TRY HIM UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

Specifically, defendant alleges a deprivation of his constitutional rights during the pre-trial phase of his case because he was not fingerprinted or arraigned. Defendant claims he first discovered evidence regarding purported improprieties in his arraignment in 2019. We reject defendant's arguments.

We apply a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). When petitioning for PCR, a defendant must establish entitlement to "PCR by a preponderance of

4

the evidence."  State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing State v. Preciose, 129 N.J. 451, 459 (1992)).

The rules governing PCR petitions are set forth in Rule 3:22.  Second or subsequent PCR petitions must comply with the requirements of Rules 3:22-4(b) and 3:22-12(a)(2).  To avoid dismissal of a subsequent PCR petition, a defendant must present evidence to satisfy one of three enumerated exceptions:  a new rule of constitutional law; newly discovered evidence; or ineffective assistance of prior PCR counsel.  R. 3:22-4(b)(2).  Even when a defendant's PCR contentions fit within these exceptions, a second or subsequent PCR petition must be timely filed.  R. 3:22-4(b)(1).

"[N]o second or subsequent petition shall be filed more than one year after . . . the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence. . . ."  R. 3:22-12(a)(2)(B).  The one-year time limitation for second or subsequent petitions is non-relaxable.  R. 3:22-12(b).  Rule 3:22-4(b)(1) requires dismissal of a second or subsequent petition if not timely under Rule 3:22-12(a)(2).

Defendant's third amended petition submitted in 2022 was not filed within one year of his alleged discovery of new evidence in 2019. Therefore, the petition is time barred under Rule 3:22-12(a)(2)(B).

Additionally, defendant failed to submit a certification or affidavit attesting to the purported improprieties in his arraignment. Nor did defendant establish why the arraignment information could not have been discovered earlier through the exercise of reasonable diligence. Thus, even if defendant's third PCR petition was not time barred, his arguments based on alleged newly discovered information related to his arraignment fail under Rule 3:22-4(b)(2)(B).

To the extent we have not addressed any of defendant's remaining arguments, those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2975-21